UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | CHAPTER 13 CASE |
| Christopher John Kovanda<br>*asf* Kovanda Plastic Surgery, P.L.LC.<br>*asf* Aesthetic Institute of Edina, P.L.L.C. | CASE NO. 20-41688<br><br>NOTICE OF OBJECTION TO<br>CONFIRMATION OF PLAN |
| Debtor. | |

TO:  Debtor and other entities specified in Local Rule 3015-3.

1. Toyota Motor Credit Corporation, (hereinafter "Movant"), by its undersigned attorney, moves the Court for the relief requested below and gives notice of hearing herewith.

2. The Court will hold a hearing on this objection on Thursday, August 20, 2020, at 10:30 AM, or as soon thereafter as counsel can be heard, before the Honorable William J. Fisher in Courtroom 8 West of the above entitled Court located at 300 S 4th St, Minneapolis, MN.

3. Any reply to this objection must be filed not later than Wednesday, August 19, 2020, which is 24-hours before the time set for the hearing, or filed and served by mail not later than Monday, August 17, 2020, which is three days before the time set for the hearing (including Saturdays, Sundays, and holidays).  UNLESS A REPLY OPPOSING THE OBJECTION IS TIMELY FILED, THE COURT MAY SUSTAIN THE OBJECTION WITHOUT A HEARING.

4. This Court has jurisdiction over this objection pursuant to 28 U.S.C. §§ 157 and 1334, Federal Rule of Bankruptcy Procedure 5005 and Local Rule 1070-1.  This proceeding is a core proceeding.  The petition commencing this case was filed on June 26, 2020.  The case is now pending in this Court.

5. This objection arises under 11 U.S.C. § 1322 and Local Rule 3007-1.

6. Debtor is indebted to Secured Creditor in the original principal amount of

$35,462.76, as evidenced by that certain Retail Installment Sale Contract (Simple Finance Charge) and Security Agreement ("Contract"), dated October 5, 2012, a copy of which is attached hereto as Exhibit "A", together with interest thereon.

7. Debtor's indebtedness is secured by a contract on personal property in which Debtor has an interest as evidenced by that Retail Installment Sale Contract Simple Finance Charge ("Contract"), dated June 8, 2016, and executed by Christopher Kovanda. The name and address of the original creditor is contained in the attached Exhibit "A" covering real property more commonly known as:

2011 Toyota Highlander
VIN: JTEDC3EH0B2002939

8. Said plan is objected to on the basis that it is not feasible and that Debtor will not be able to make all payments under the plan and to comply with the plan as contemplated by 11 U.S.C. § 1325(a)(6).

9. The total debt due and owing to Movant as of the filing date was $9,425.97.

10. Debtor's obligation to Movant arises out of a purchase money security interest within 910 days preceding the filing of the petition. According to 11 U.S.C. § 1325 (a)(9) and 11 U.S.C. § 1325 (a)(5)(b), Movant is entitled to retain its lien in the Vehicle until the contract balance is paid in full at the contract interest rate.

11. Movant objects to confirmation of the Plan pursuant to 11 U.S.C. § 1325 because:

    a. the Plan understates the value of the vehicle; and

    b. the Plan does not fully provide for Movant's allowed secured claim at the agreed interest rate contained in the Contract or for the total amount of the claim.

12. Movant has been forced to file this Objection to Confirmation to protect its

interest in the vehicle and has agreed to pay the undersigned counsel reasonable attorney's fees, Movant requests that Debtor be required to pay such attorney's fees as required by the Contract.

THEREFORE, it is requested that the Court deny confirmation of the Debtor's plan.

Dated: July 16, 2020

**WILFORD, GESKE & COOK P.A.**

/e/ Orin J. Kipp
Orin J. Kipp, #0390438
Attorneys for Toyota Motor Credit Corporation
7616 Currell Blvd, Suite 200
Woodbury, MN 55125-4393
(651) 209-3300

# RETAIL INSTALLMENT CONTRACT
# SIMPLE FINANCE CHARGE

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Creditor-Seller (Name and Address) |
|---|---|---|
| CHRISTOPHER KOVANDA<br>6484 IVY WAY<br>Edina, MN 55436 HENNEPIN | N/A | RUDY LUTHER'S GMC TRK/MTR HM CTR, INC.<br>8805 WAYZATA BOULEVARD<br>GOLDEN VALLEY, MN 55426 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| Used | 2011 | Toyota Highlander Hybrid | JTEDC3EH0B2002939 | Personal, family, or household unless otherwise indicated below<br>☐ business<br>☐ agricultural  ☒ N/A |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 1,000.00 is |
|---|---|---|---|---|
| 2.89 % | $ 2,712.24 | $ 35,462.76 | $ 38,175.00 | $ 39,175.00 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | $ 636.25 | Monthly beginning 07/23/2016 |

Or As Follows:
N/A

**Late Charge.** ☐ If the preceding box is checked and payment is not received within 10 days after it is due, you will pay a late charge of $7.80 or 5% of the full payment amount, whichever is greater.
**Prepayment.** If you pay off all your debt early, you will not have to pay a penalty.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
**Spanish Translation:** Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

☐ If this box is checked, the following late charge applies to vehicles purchased primarily for business or agricultural use.
If a payment is not received in full within ___N/A___ days after it is due, you will pay a late charge of $ ___N/A___ or ___N/A___ % of the part of the payment that is late, whichever is less.
If this box is not checked, the late charge in the "Federal Truth-In-Lending Disclosures" still applies.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

True and Accurate Completed Copy - UCC Non-Authoritative Copy

## ITEMIZATION OF AMOUNT FINANCED

1. Cash Price (including $ __2,090.51__ sales tax) .............................................. $ __32,645.51__ (1)
2. Total Downpayment =
   Trade-in __N/A__  __N/A__  __N/A__
          (Year)   (Make)   (Model)

   Gross Trade-In Allowance .............................................. $ __N/A__
   Less Pay Off Made By Seller ........................................... $ __N/A__
   Equals Net Trade In ........................................................ $ __N/A__
   + Cash ......................................................................... $ __1,000.00__
   + Other __N/A__ ............................................................. $ __N/A__
   (If total downpayment is negative, enter "0" and see 4H below) ............ $ __1,000.00__ (2)
3. Unpaid Balance of Cash Price (1 minus 2) ........................... $ __31,645.51__ (3)
4. Other Charges Including Amounts Paid to Others on Your Behalf
   (Seller may keep part of these amounts):
   A. Cost of Optional Credit Insurance Paid to Insurance Company or Companies.
      Life __N/A__ ............................... $ __N/A__
      Disability __N/A__ ........................ $ __N/A__ ............ $ __N/A__
   B. Other Optional Insurance Paid to Insurance Company or Companies .... $ __N/A__
   C. Official Fees Paid to Government Agencies: .................... $ __23.50__
   D. Optional Gap Contract ............................................... $ __N/A__
   E. Government Taxes Not Included in Cash Price ................. $ __N/A__
   F. Government License and/or Registration Fees
      License Fee ............................................................ $ __6.00__
   G. Government Certificate of Title Fees ............................. $ __13.75__
   H. Other Charges (Seller must identify who is paid and describe purpose)

   | to | for | $ |
   |---|---|---|
   | N/A | for Prior Credit or Lease Balance | N/A |
   | auto armor | for Surface Protection | 1,299.00 |
   | rlt | for Documentation Fee | 75.00 |
   | Protective - Lyndon Property Ins Co | for Service Agreement | 2,400.00 |
   | N/A | for N/A | N/A |
   | N/A | for N/A | N/A |
   | N/A | for N/A | N/A |
   | N/A | for N/A | N/A |
   | N/A | for N/A | N/A |
   | N/A | for N/A | N/A |

   Total Other Charges and Amounts Paid to Others on Your Behalf ... $ __3,817.25__ (4)
5. Amount Financed (3 + 4) ............................................... $ __35,462.76__ (5)

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before __N/A__ , Year __N/A__ . SELLER'S INITIALS __N/A__

### NO COOLING OFF PERIOD

State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term __N/A__ Mos. __N/A__ Name of Gap Contract

I want to buy a gap contract.
Buyer Signs X **B**          **N/A**

---

Insurance. You may buy the physical damage insurance this contract requires from anyone you choose that is acceptable to us. You are not required to buy any other insurance to obtain credit.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**
### Optional Credit Insurance
☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability: ☐ Buyer ☐ Co-Buyer ☐ Both
Premium:
  Credit Life $ __N/A__
  Credit Disability $ __N/A__
Insurance Company Name
  __N/A__
Home Office Address
  __N/A__

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

### Other Optional Insurance
☐ __N/A__ __N/A__
  Type of Insurance  Term
Premium $ __N/A__
Insurance Company Name
  __N/A__
Home Office Address
  __N/A__

☐ __N/A__ __N/A__
  Type of Insurance  Term
Premium $ __N/A__
Insurance Company Name
  __N/A__
Home Office Address
  __N/A__

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.
I want the insurance checked above.

X**C**          **N/A**          __N/A__
Buyer Signature                    Date

X**C**          **N/A**          __N/A__
Co-Buyer Signature                 Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE. WITHOUT SUCH INSURANCE YOU MAY NOT OPERATE THIS VEHICLE ON PUBLIC HIGHWAYS.**

Returned Check Charge: You agree to pay a charge of $ __30.00__ if any check you give us is dishonored.

True and Accurate Completed Copy - UCC Non-Authoritative Copy

## OTHER IMPORTANT AGREEMENTS

1. **FINANCE CHARGE AND PAYMENTS**
   a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.
   b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.
   c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

2. **YOUR OTHER PROMISES TO US**
   a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.
   b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.
   c. **Security Interest.**
      You give us a security interest in:
      • The vehicle and all parts or goods installed in it;
      • All money or goods received (proceeds) for the vehicle;
      • All insurance, maintenance, service, or other contracts we finance for you; and
      • All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.
      This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle.
   d. **Insurance you must have on the vehicle.**
      You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and charge you must pay. The charge will be the premium of the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract, or, at our option, the highest rate the law allows.
      If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.
   e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
   a. **You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.
      If you pay late, we may also take the steps described below.
   b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
      • You do not pay any payment on time;
      • You give false, incomplete, or misleading information on a credit application;
      • You start a proceeding in bankruptcy or one is started against you or your property; or
      • You break any agreements in this contract.
      The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.
   c. **You may have to pay collection costs.** If we hire an attorney who is not our salaried employee to collect what you owe, you will pay the attorney's fee not exceeding 15% of the amount due under this contract and court costs as the law allows.
   d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.
   e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.

f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.

We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us, unless the law provides otherwise. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **WARRANTIES SELLER DISCLAIMS**

The following paragraph does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. The following paragraph also does not apply at all if the vehicle is a new vehicle you bought primarily for personal, family, or household use.

**Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle and there will be no implied warranties of merchantability or of fitness for a particular purpose.**

5. **Servicing and Collection Contacts.** You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

6. **Applicable Law**

Federal law and the law of the state of our address shown on page 1 of this contract apply to this contract.

**Electronic Contracting and Signature Acknowledgment.** You agree that (i) this contract is an electronic contract executed by you using your electronic signature, (ii) your electronic signature signifies your intent to enter into this contract and that this contract be legally valid and enforceable in accordance with its terms to the same extent as if you had executed this contract using your written signature and (iii) the authoritative copy of this contract ("Authoritative Copy") shall be that electronic copy that resides in a document management system designated by us for the storage of authoritative copies of electronic records, which shall be deemed held by us in the ordinary course of business. Notwithstanding the foregoing, if the Authoritative Copy is converted by printing a paper copy which is marked by us as the original (the "Paper Contract"), then you acknowledge and agree that (1) your signing of this contract with your electronic signature also constitutes issuance and delivery of such Paper Contract, (2) your electronic signature associated with this contract, when affixed to the Paper Contract, constitutes your legally valid and binding signature on the Paper Contract and (3) subsequent to such conversion, your obligations will be evidenced by the Paper Contract alone.

---

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.   Buyer Signs X**D** _____ Co-Buyer Signs X**D**   **N/A**

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

**See the rest of this contract for other important agreements.**

**NOTICE TO RETAIL BUYER: Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.**

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read all pages of this contract, including the arbitration clause on page 5, before signing below. You confirm that you received a completely filled-in copy when you signed it.

**IMPORTANT: THIS MAY BE A BINDING CONTRACT AND YOU MAY LOSE ANY DEPOSITS IF YOU DO NOT PERFORM ACCORDING TO ITS TERMS.**

Buyer Signs X**E** _____ Date 06/08/2016   Co-Buyer Signs X**E**   **N/A**   Date N/A

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X _____ N/A _____ Address _____ N/A

Seller signs RUDY LUTHER'S GMC TRK/MTR HM CTR, INC Date 06/08/2016   By X**E** _____ Title Finance

## ARBITRATION CLAUSE
### PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. **IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Clause shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. Arbitration shall be conducted by the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York, 10019 (www.adr.org), or any other organization that you choose subject to our approval. You may get a copy of the rules of these organizations by contacting the arbitration organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law in making an award. The arbitration hearing shall be conducted in the federal district in which you reside unless the Creditor-Seller is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will advance your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $2500, which may be reimbursed by decision of the arbitrator at the arbitrator's discretion. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Clause, then the provisions of this Arbitration Clause shall control. The arbitrator's award shall be final and binding on all parties, except that in the event the arbitrator's award for a party is $0 or against a party is in excess of $100,000, or includes an award of injunctive relief against a party, that party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel. The appealing party requesting new arbitration shall be responsible for the filing fee and other arbitration costs subject to a final determination by the arbitrators of a fair apportionment of costs. Any arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration.

You and we retain any rights to self-help remedies, such as repossession. You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies or filing suit. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Clause shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Clause, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Clause shall be unenforceable. Notwithstanding any other provision of this Arbitration Clause, the validity and scope of the waiver of class action rights shall be decided by the court and not by the arbitrator.

True and Accurate Completed Copy - UCC Non-Authoritative Copy

True and Accurate Completed Copy - UCC Non-Authoritative Copy

**TOYOTA FINANCIAL SERVICES**SM
P.O. Box 22202
Owings Mills, MD 21117-1397

ACCOUNT NUMBER:

# EXTENSION CONFIRMATION

06/08/2020

CHRISTOPHER J KOVANDA
PO BOX 390144
EDINA, MN 55439-0144

This Extension Confirmation confirms your request and our agreement to extend the term of the installment contract related to the above referenced Account Number (the "Retail Contract") as described in this Confirmation. Except as described in this Confirmation, the terms of the Retail Contract remain in full force and effect.

One or both of the following will confirm your prior agreement and constitute your renewed agreement to the terms described in this Confirmation: (a) you remit one or more monthly payments consistent with the extension described in this Confirmation or; (b) you do not contact us within five (5) business days of the date of this Confirmation to deny or contradict the terms described in this Confirmation.

This Extension does not include an extension of any optional coverage (mechanical breakdown protection, service agreement, credit life and/or credit disability insurance, vehicle maintenance program, or GAP coverage) included in your Retail Contract.

**Finance charges will continue to accrue on the unpaid balance at the contract rate. By deferring one or more installments, you will pay more finance charges than originally disclosed. Therefore, your final payment will be higher than the final payment disclosed on the retail contract. The amount of the increase depends on many factors but can be substantial.**

**Note to Pay Online customers:** This form does not change Pay Online payment dates. You can change your Pay Online payment dates at toyotafinancial.com.

| TERMS OF EXTENSION | | | |
|---|---|---|---|
| **Present** Due Date(s) and Monthly Payment Amount(s) | | **New** Due Date(s) and Monthly Payment Amount(s) | |
| 06/23/2020 | $636.25 | 09/23/2021 | $636.25 |
| 07/23/2020 | $636.25 | 10/23/2021 | $636.25 |
| **Your Next Monthly Payment of** | $636.25 | **Will Be Due On:** | 08/23/2020 |
| **The Final Payment is Now Due On:** | | 10/23/2021 | |

Please keep this Confirmation for your records. If we can be of any further assistance to you, please call us at (800) 874-8822 or write to us at the address shown above.

Toyota Motor Credit Corporation
(800) 874-8822
8am-8pm, Monday-Friday

Toyota Financial Services is a service mark of Toyota Motor Credit Corporation.

nnesota Department
ver and Vehicle Ser
445 Minnesota St, St F
**Web:** dvs.dps.mn.go
**TTY** for hearing impa

## Notification of Lien Perfection

**Retain this document** -- See reverse side of this form for removing this lien.

| Plate No. | Make | Title No. | VIN |
|---|---|---|---|
| | TOYT | B267D0152 | JTEDC3EH0B2002939 |
| **Model Yr.** | **Model** | **Security Date** | |
| 11 | 4WHIG | 06/08/16 | **LIEN HOLDER** |
| | | | **1ST SECURED PARTY** |

KOVANDA CHRISTOPHER JOHN
6484 IVY WAY
EDINA MN 55436

TOYOTA MOTOR CREDIT
CORPORATION
PO BOX 105386
ATLANTA GA 30348-5386

Warning: Your license is expiring soon. Shop for online products

## NADA Used Cars/Trucks

NADA User Car Guide assumes no responsibility or liability for any errors or omissions or any revisions or additions made by anyone on this report.



NADA Used Cars/Trucks

| | | | |
|---|---|---|---|
| **Period:** | June 26, 2020 | **Region:** | Minnesota |
| **VIN:** | JTEDC3EH0B2002939 | **Ref. Number:** | |

### 2011 Toyota Highlander Utility 4D Limited 4WD 3.5L V6 Hybrid

| | | | | | |
|---|---|---|---|---|---|
| **Mileage:** | 117,500 | **Adjustment:** | $0 | **Base MSRP:** | $42,945 |
| **Weight:** | 4,762 | | | | |

### NADA Used Cars/Trucks Values

| | Base | Mileage Adj. | Option Adj. | Adjusted Value |
|---|---|---|---|---|
| Weekly Rough Trade-In | N/A | N/A | N/A | N/A |
| Weekly Average Trade-In | N/A | N/A | N/A | N/A |
| Weekly Clean Trade-In | N/A | N/A | N/A | N/A |
| Weekly Clean Loan | N/A | N/A | N/A | N/A |
| Weekly Clean Retail | N/A | N/A | N/A | N/A |
| Weekly Low Auction | N/A | N/A | N/A | N/A |
| Weekly Average Auction | N/A | N/A | N/A | N/A |
| Weekly High Auction | N/A | N/A | N/A | N/A |
| Monthly Rough Trade-In | $9,625 | N/A | $325 | $9,950 |
| Monthly Average Trade-In | $10,825 | N/A | $325 | $11,150 |
| Monthly Clean Trade-In | $11,800 | N/A | $325 | $12,125 |
| Monthly Clean Loan | $10,625 | N/A | $325 | $10,950 |
| Monthly Clean Retail | $14,675 | N/A | $375 | $15,050 |

## Vehicle Information

|  | | Trade-In / Loan | Retail |
|---|---|---|---|
| ☑ | Navigation System | $75 | $75 |
| ☑ | Rear Entertainment System | $150 | $175 |
| ☑ | Leather Seats | N/A | N/A |
| ☑ | Power Driver's Seat | N/A | N/A |
| ☑ | Power Sunroof | N/A | N/A |
| ☐ | Towing/Camper Pkg | $200 | $225 |
| ☑ | JBL Stereo System | $100 | $125 |

NADA Used Car Guide and its logo are registered trademarks of National Automobile Dealers Association, used under license by J.D. Power. © 2020 J.D. Power

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | CHAPTER 13 CASE |
| Christopher John Kovanda<br>*asf* Kovanda Plastic Surgery, P.L.LC.<br>*asf* Aesthetic Institute of Edina, P.L.L.C. | CASE NO. 20-41688<br><br>MEMORANDUM OF LAW IN SUPPORT<br>OF OBJECTION TO CONFIRMATION |
| Debtor. | |

## FACTUAL BACKGROUND

The Debtor filed his Amended chapter 13 plan (the "Plan") on July 15, 2020. The confirmation hearing is currently scheduled to be before the Court on August 20, 2020 at 10:30AM. Upon information and belief, the business records of Toyota Motor Credit Corporation demonstrates a total debt owed related to Toyota Motor Credit Corporation's on the Debtor's vehicle of approximately $9,425.97. The Debtor has only provided for $6,500.00 in the plan to be paid to Toyota Motor Credit Corporation. In addition, the Debtor has valued the Collateral at $6,500.00 and Toyota has documentation leading it to a valuation of $15,974.75 and the plan only provides for an interest rate of 0.03% while the Contract calls for a rate of 6.25%. Accordingly, the Plan cannot be confirmed as proposed.

## ARGUMENT

**I.    THE DEBTOR'S PLAN CANNOT BE CONFIRMED AS PROPOSED.**

11 U.S.C. § 1325(a) provides:

> (a) Except as provided in subsection (b), the court shall confirm a plan if — …
>
>> (1) The plan complies with the provisions of this chapter and with the other applicable provisions of the title;...
>>
>> (3) The plan has been proposed in good faith and not by any means

forbidden by law;…

*See* 11 U.S.C. § 1325(a).  Toyota Motor Credit Corporation is a secured creditor of the Debtor whose claim is secured only by a 2011 Toyota Highlander. Toyota Motor Credit Corporation is owed approximately $9,425.97.  Toyota Motor Credit Corporation does not list the full amount of arrears within the Chapter 13 Plan. Moreover, Toyota Motor Credit values the Collateral at $15,974.75 while the Plan only provides for a secured amount of $6,500.00. Lastly, the Plan's proposed interest rate conflicts with the 6.25% required by the Contract.

Accordingly, because the Plan fails to comply with the provisions of § 1322(b)(2), pursuant to 11 U.S.C. § 1325(a), the Debtor's plan cannot be confirmed.

## CONCLUSION

Based upon the evidence before the Court and controlling law, Toyota Motor Credit Corporation respectfully requests that the Court deny confirmation of the Debtor's modified chapter 13 Plan.

Dated: July 16, 2020

**WILFORD, GESKE & COOK P.A.**

/e/ Orin J. Kipp
Orin J. Kipp, #0390438
Attorneys for Toyota Motor Credit Corporation
7616 Currell Blvd, Suite 200
Woodbury, MN 55125-4393
(651) 209-3300

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | CHAPTER 13 CASE |
| | CASE NO. 20-41688 |
| Christopher John Kovanda | |
| *asf* Kovanda Plastic Surgery, P.L.LC. | UNSWORN DECLARATION FOR PROOF |
| *asf* Aesthetic Institute of Edina, P.L.L.C. | OF SERVICE |
| Debtor. | |

Laura Francis, employed by Wilford, Geske & Cook P.A., attorneys licensed to practice law in this Court, with office address at 7616 Currell Blvd, Suite 200, Woodbury, MN 55125-4393, declares that on July 16, 2020, I served the annexed Notice of Objection to Confirmation of Plan and proposed Order Denying Confirmation of Plan to each person referenced below, a copy thereof by enclosing the same in an envelope with first class postage prepaid and depositing same in the post office at Woodbury, Minnesota addressed to each of them as follows:

Christopher John Kovanda
Post Office Box 390144
Edina, MN 55439

and delivered by e mail notification under CM/ECF on the day e-filed with the Court to each of them as follows:

Howard A. Lazarus

Gregory A. Burrell

U.S. Trustee

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: July 16, 2020

                                                                           /e/ Laura Francis
                                                                           Laura Francis

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re:<br><br>Christopher John Kovanda<br>*asf* Kovanda Plastic Surgery, P.L.LC.<br>*asf* Aesthetic Institute of Edina, P.L.L.C.<br><br>        Debtor. | CHAPTER 13 CASE<br>CASE NO. 20-41688<br><br>ORDER DENYING CONFIRMATION OF PLAN |

This Chapter 13 Case came on before the Court on August 20, 2020, for hearing on Debtor's plan of debt adjustment. Appearances were as noted in the record. Upon the record made at hearing, and all other files and records in this case,

IT IS HEREBY ORDERED that confirmation of Debtor's plan of debt adjustment, as filed July 15, 2020, is denied.

_____      _____
Dated                                                                  United States Bankruptcy Judge